IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05660-PAB

ROGER ALEXIS CANELAS CARDONA

Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora Contract Detention Facility, et al.,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Roger Alexis Canelas Cardona's Verified Petition for Writ of Habeas Corpus under 28 U.S.C.§ 2241 [Docket No. 1]. Respondents filed a response. Docket No. 5.

## I. BACKGROUND[1]

Petitioner is a native and citizen of Honduras. Docket No. 1 at 4, ¶ 20. Petitioner has been present in the United States for the past eight years. *Id.* at 1, ¶ 2. On September 24, 2026, at approximately 7:50 a.m., petitioner was arrested by Immigration and Customs Enforcement ("ICE") and transferred to the Denver Field Office for processing. *Id.* at 5, ¶¶ 22-23. After petitioner was already in custody, petitioner was served with a Form I-200 warrant and issued a Notice to Appear. *Id.* at 5-6, ¶¶ 24-27.

On October 29, 2026, petitioner filed a petition for a writ of habeas corpus. *See generally id.* Among other things, petitioner claims that his warrantless arrest renders

[1] The following facts are undisputed unless otherwise noted.

his detention invalid. *Id.* at 10-15, ¶¶ 40-71. On November 12, 2026, respondents filed a response indicating that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 5 at 1. Respondents submit that, if the Court grants the habeas petition, the appropriate relief is to order petitioner's release from detention. *Id.* at 2.

## II. ANALYSIS

Title 8 U.S.C. § 1226(a) provides that, "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."[2] 8 U.S.C. § 1226(a) (emphasis added). Petitioner asserts, and respondents do not refute, that petitioner was not issued a warrant until after he was arrested. Docket No. 1 at 5, ¶ 24. However, a warrant issued "*after*. . . an arrest without an assessment of individual flight risk" does not "transform[ ] an unlawful warrantless arrest into a lawful, warranted one." *Ramirez Ovando*, 810 F. Supp. 3d at 1226 (citations omitted). Therefore, the Court finds that petitioner was unlawfully arrested without a warrant.

Moreover, respondents do not refute petitioner's claim that the Notice to Appear was issued after petitioner's arrest. *See generally* Docket No. 5. Federal regulations state that a Form I-200 arrest warrant cannot be issued until the time that a Notice to Appear is issued or any time thereafter. *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (citing 8 C.F.R. §§ 236.1, 1236.1). Thus, petitioner's unrefuted claim that the Notice to

---

[2] The type of warrant issued by immigration officers is known as Form I-200. *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (citing 8 C.F.R. §§ 236.1, 1236.1).

Appear was not issued until after petitioner's arrest is another basis for the Court to find that petitioner was not detained pursuant to a valid warrant.

There are exceptions to § 1226(a)'s warrant requirement. Pursuant to § 1357(a)(2), immigration officials may arrest a noncitizen without a warrant:

> to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2). Under § 1357(a)(5), an immigration officer may also make a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony,
>
> if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5). "Courts have recognized that these warrantless-arrest authorities are strictly limited, particularly in the interior-arrest context." *Morelos Valdovinos v. Noem*, 2026 WL 948285, at *5 (D.N.M. Apr. 8, 2026) (collecting cases).

Respondents have not provided any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. *See generally* Docket No. 5. Accordingly, the Court finds that respondents lacked statutory authority to arrest petitioner, and petitioner's detention is thus unlawful. *See Morelos Valdovinos*,

2026 WL 948285, at *6 (finding that respondents lacked authority for petitioner's arrest where "[n]othing in the record suggests that either statutory condition – reasonable belief of a violation or likelihood of escape – was met" and "the record contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a warrantless arrest"); *Matovu v. Mullin*, 2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026) (finding that respondents' warrantless arrest was unlawful where "Respondents introduced no evidence and, as such, failed to establish that they had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest") (alteration, internal quotation, and citation omitted).

Where respondents have failed to obtain a warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found the appropriate remedy is to order the non-citizen's release. *See, e.g.*, *Morelos Valdovinos*, 2026 WL 948285, at *7 (ordering petitioner's released based on "a growing body of decisions holding that when DHS detains a noncitizen under § 1226(a) without a warrant and without satisfying § 1357(a)(2), the detention is unlawful from the outset and immediate release is required") (collecting cases); *Matovu*, 2026 WL 1387476, at *3; *Kunner v. Grant,* 2026 WL 1623016, at *4 (W.D. Okla. Apr. 22, 2026), *report and recommendation adopted*, 2026 WL 1452463 (W.D. Okla. May 22, 2026). "[W]hen DHS cannot meet the statute's requirements for a warrantless arrest, continued detention is unlawful and release is the only permissible remedy*."* *Morelos Valdovinos* 2026 WL 948285, at *7. Accordingly, the Court will order petitioner's release.[3]

[3] Because the Court will order petitioner's release on the basis of the warrantless arrest, it will not reach petitioner's other claims for relief.

**III. CONCLUSION**

Therefore, it is

**ORDERED** that petitioner Roger Alexis Canelas Cardona's Verified Petition for Writ of Habeas Corpus under 28 U.S.C.§ 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that the parties shall file a status report confirming that petitioner has been released from custody within **four days** of the issuance of this order.

DATED November 13, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge